**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2747-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDREW DAVIS, a/k/a
FLIPPA MAFIA, FLIPPA
MOGGELA, DJ and JOHN

     Defendant-Appellant.

_____

Submitted January 9, 2024 – Decided April 30, 2024

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-01-0003.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Regina M. Oberholzer, Deputy Attorney General, on the brief).

PER CURIAM

Defendant Andrew Davis appeals the denial of his motion for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

After a trial, defendant was convicted of: first-degree conspiracy to distribute cocaine and money laundering, N.J.S.A. 2C:5-2, N.J.S.A. 2C:21-25(a) and (c), and N.J.S.A. 2C:35-5(a)(1); first-degree possession with intent to distribute cocaine, N.J.S.A. 2C:35-5(a)(1), (b)(1); and second-degree money laundering as a lesser included offense, N.J.S.A. 2C:21-27(a).[1] On June 3, 2016, defendant was sentenced by the same judge who presided over the trial. The court merged the two first-degree convictions and sentenced defendant to a term of seventeen years in state prison, with an eight-year period of parole ineligibility. The sentencing court then imposed a concurrent eight-year term of imprisonment, with a four-year term of parole ineligibility. At defendant's sentencing, trial counsel argued that his sentence should have been proportional to the sentence received by his co-defendant at trial, Bernard, who was sentenced in February 2016. The colloquy between trial counsel and the sentencing court proceeded this way:

---

[1] Of the multiple defendants who were charged or indicted in this matter, only co-defendant Marsha Bernard is relevant to this appeal. Bernard was tried with defendant and convicted of identical counts. On February 5, 2016, Bernard was sentenced to twenty-one years' incarceration in state prison with six years' parole ineligibility.

A-2747-21

THE COURT: Do you have any questions about your right to appeal, sir?

[COUNSEL]: Your Honor . . . we'd just like to put on the record with respect to proportionality of [the sentence] . . . that the co-defendant [Bernard] received, I believe, 20 with a 6 aggregate if I'm correct.

. . . .

THE COURT: It was 21 with a 6, and for proportionality.

[COUNSEL]: And we would argue that at the very least [Bernard] should get the same. She was in the United States. She made all the deliveries. She actually was more involved. [Defendant] was in Jamaica, didn't even leave the country.

THE COURT: Well, I think the testimony would not indicate that, counsel. I think the testimony would indicate that from a proportionality perspective, this defendant's role in the procedure was certainly much closer to that of Kemar Davis, which I think this sentence is in appropriate proportionality to . . . Kemar Davis'[s] sentence . . . . But . . . certainly, for the record, that should be noted.

On direct appeal, we affirmed defendant's conviction and sentence in our consolidated opinion, State v. Davis, Nos. A-3811-15, A-4893-15 (App. Div. May 1, 2020), certif. denied 243 N.J. 524 (2020). We incorporate the facts and procedural history from that opinion.

3

After his unsuccessful direct appeal, defendant filed his pro se PCR petition in February 2021. Appointed PCR counsel filed an amended petition in August 2021, and the PCR court heard argument in February 2022. Before the PCR court, defendant argued trial counsel was ineffective by: failing to prevent the State's introduction of certain evidence at trial; and failing to sufficiently argue sentence disparity due to the differences between his and Bernard's sentences.[2] The PCR court found trial counsel "strongly argued" for a finding of disparity during the sentencing hearing. The PCR court further found that while trial counsel did not cite State v. Roach, 146 N.J. 208 (1996) in making the disparity application, the sentencing court understood the argument and rejected it. The PCR court denied the petition without an evidentiary hearing, concluding defendant failed to make a prima facie case for ineffective assistance of counsel.

On appeal, defendant seeks a remand for an evidentiary hearing, reprising his argument below that trial counsel was ineffective for failing to sufficiently make the disparity argument before the sentencing court. For the first time on

_____

[2] During oral argument before the PCR court, defendant waived other arguments he presented in his pro se petition. They included allegations that his trial counsel was ineffective because she failed to: advise defendant of his maximum sentencing exposure; hire an expert; object to the partial verdict; and seek dismissal of the remaining counts.

A-2747-21

appeal, defendant argues that his sentence was unfairly disparate from Bernard's because the sentencing court imposed a $250,000 penalty on him that was not imposed on Bernard.

We use a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

We analyze ineffective assistance of counsel claims using the two-prong test established by the Supreme Court in Strickland.[3] See Preciose, 129 N.J. at 459; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a petitioner to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong of the [Strickland] test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

---

[3] Strickland v. Washington, 466 U.S. 668 (1984).

PCR proceedings are not a substitute for a direct appeal. R. 3:22-3; State v. Afanador, 151 N.J. 41, 50 (1997). "Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not have been raised on direct appeal." Afanador, 151 N.J. at 49. "PCR cannot be used to circumvent issues that could have, but were not raised on appeal, unless the circumstances fall within one of three exceptions." Id. at 50 (citing R. 3:22-4).

Rule 3:22-4(a) provides that "[a]ny ground for relief not raised in the proceedings resulting in the conviction, . . . or in any appeal taken in any such proceedings is barred from assertion in a proceeding . . . ." The well-known exceptions to this "procedural bar" include:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

On direct appeal, we carefully considered and rejected each of defendant's seven arguments. The appeal contained defendant's challenge to trial court

6

actions taken before, during, and after trial, including the court's: denial of defendant's motions to dismiss count two of the indictment, and to suppress certain cell phone records as well as all evidence obtained during a warrantless search; jury instructions on language translation for intercepted phone calls; refusal to declare a mistrial or voir dire the jury during deliberations; and finally, imposition of what defendant argued was an excessive sentence. Defendant also challenged the sufficiency of the State's proofs at trial on the money laundering charges.

Defendant did not challenge, on direct appeal, the disparity of his sentence with respect to the sentence imposed on Bernard. The record shows none of the three exceptions in Rule 3:22-4(a) apply. We are satisfied that defendant's disparity argument is procedurally barred, and no evidentiary hearing was warranted.

For completeness, we comment briefly on the merits of defendant's ineffective assistance of counsel claim. Had there been no procedural bar, we would find defendant failed to make a prima facie showing on prong one of Strickland. Defendant has not met his burden to show by a reasonable probability that but for the unprofessional errors of trial counsel, the outcome at sentencing would have been different. Strickland, 466 U.S. at 688. Competent

trial counsel raised the disparity argument before the sentencing court. While counsel did not expressly raise State v. Roach, they placed the issue before the sentencing court. In Roach, the Court held that differences in sentences among co-defendants requires resentencing where "there is an obvious sense of unfairness in having disparate punishments for equally culpable perpetrators." 146 N.J.at 232 (quoting State v. Hubbard, 176 N.J. Super. 174, 177 (1980)). The court considered the argument in the context of Roach and found defendant's sentence to be fair, not in relation to Bernard's sentence, but in relation to the sentence of another co-defendant, Kemar Davis. The fact that counsel made their argument after the court had imposed sentence is of no moment. Had the sentencing court been persuaded by counsel's disparity argument, it had a full and fair opportunity to reconsider its sentence in light of the principles of Roach.

While the disparate penalty argument is also barred pursuant to Rule 3:22-4(a), we decline to comment further, as it was not raised before the PCR court. See State v. Galicia, 210 N.J. 364 (2012) ("Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2747-21